UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRADLEY EGENBERG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case Number: 2:21-cv-00026-JHE |
| ) | |
| MAINSAIL DIGITAL, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER[1]**

Plaintiff Bradley Egenberg ("Egenberg") initiated this action against Defendants Mainsail Digital, LLC ("Mainsail") and Douglass Moore ("Moore"). (Doc. 1). Egenberg, a minority member of Alliance Injury Group ("AIG") and Legal Management Solutions ("LMS") (collectively, the "Companies"), asserts claims against Mainsail, also a member of the Companies, and Moore, a third-party, arising out of conduct relating to the two Companies. (*See id.*). In response to the Complaint, Defendants collectively filed an Answer and Counterclaims against Egenberg. (Doc. 5).

Previously, the undersigned granted Egenberg's motion to dismiss Count Three of Defendants' counterclaims. (Doc. 17). Egenberg now moves to amend his complaint to include claims against additional defendants. (Doc. 18). Defendants oppose the amendment (doc. 20), and Egenberg has filed a reply brief in support of this motion (doc. 22). For the reasons stated below, the motion to amend (doc. 18) is **DENIED**.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 10).

1

**I. Background**

Egenberg initiated this action on January 7, 2021, filing a complaint asserting various claims against defendants Mainsail and Moore alleging claims for (1) Failure to Produce Books and Records, (2) Breach of the Fiduciary Duty, (3) Breach of Contract, (4) Breach of the Duty of Loyalty, and (5) Breach of the Duty of Care. (Doc. 1). Mainsail and Moore answered the complaint ~~and~~ asserting the following counterclaims against Egenberg: (1) Breach of Contract; (2) Beach of the Fiduciary Duty, Duty of Loyalty, and Duty of Care, and (3) Tortious Interference. (Doc. 5). On April 27, 2021, the undersigned dismissed counterclaim (3) for Tortious Inter~~r~~eference, specifically stating that "nothing in this memorandum opinion and order is intended to prevent the parties from amending their pleadings as provided for in the Scheduling Order (doc. 12) and the Federal Rules of Civil Procedure." (Doc. 17 at 7). The Scheduling Order states that, as to the plaintiff, "[n]o cause of action, defenses, or parties may be added after May 17, 2021. (Doc. 12 at 1).

On June 4, 2021, almost three weeks past his deadline to amend, Egenberg moved to add Terry Olson ("Olson"), Octavian Group, LLC and BDL Services, LLC as defendants. (Doc. 18). Egenberg asserts he has determined he "may have similar or identical claims against other parties to those claims [he] asserted in the original complaint against Mainsail and Moore." (*Id.* at ¶ 5). Egenberg states he "cannot determine the identity of his fellow members of the two companies . . . AIG and . . . LMS, which make up the core of the dispute here" and this is "necessary because those other members are likely to owe certain duties . . . to both Egenberg and AIG or LMS." (*Id.* at ¶¶ 7-8). Egenberg contends he has been diligent in requesting the amendment, that allowing the amendment will not cause prejudice to the existing or newly named parties, and that there are no statute of limitations issues preventing such amendment. (*Id.* at ¶¶

11-13). Finally, Egenberg posits that allowing the amendment is the most expedient method to include these parties, as filing a separate lawsuit against them based on the same set of facts to prevent duplicable discovery and multiple lawsuits. (*Id* at ¶¶14-15).

Mainsail and Moore oppose the amendment, contending Egenberg could have identified the proposed defendants well-in advance of the expired deadline set in the Scheduling Order, and the claims against the proposed defendants are futile because the proposed defendants cannot be found liable for the claims alleged. (Doc. 20).

In his reply, Egenberg concedes AIG and LMS's operating agreements list Egenberg and Mainsail as the members. (Doc. 22 at ¶ 3). However, Egenberg contends federal tax filings list AIG and LMS's members as Egenberg, BDL Services, LLC, and Octavian Group, LLC. (*Id.* at ¶2). According to Egenberg, this shows Defendants "take one position as to the membership privately while disclosing different ownership to the federal government" and "[t]his fact alone should permit Egenberg to amend and add" the proposed defendants. (*Id.* at ¶¶ 5-6).

## II. Analysis

Pursuant to Federal Rule of Civil Procedure 15, a party seeking to amend a pleading must have the opposing party's written consent or leave of court. FED. R. CIV. P. 15(a)(2). Rule 15 instructs that leave to amend should be freely given when justice so requires. *Id.* However, Federal Rule of Civil Procedure 16(b) requires a district court to enter a scheduling order that limits the time to amend pleadings. On March 18, 2021, the undersigned entered a scheduling order setting a May 17, 2021 deadline for Egenberg to add any clauses of actions, defenses, or parties. (Doc. 12 at 1).

Where a party seeks leave to amend after the deadline designated in the scheduling order has passed, the moving party must demonstrate "good cause" for the modification and obtain the

judge's consent. *See Southern Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009); *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998) ("[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."); FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The "good cause" standard of Rule 16(b)(4) is more demanding than that of Rule 15(a)(2), which allows liberal amendment of pleadings. *Sosa*, 133 F.3d at 1419; *Goble v. Ward*, 628 F. App'x 692, 702 & n.5 (11th Cir. 2015). However, because a Rule 16(b) scheduling order is entered early in the litigation, the "good cause" test contemplates something less than demonstrating "manifest injustice" or "substantial hardship" would result, FED. R. CIV. P. 16, Advisory Committee Notes to 1983 Amendment, as is required to modify a pretrial order entered pursuant to Rule 16(e). The "good cause" inquiry focuses primarily upon the diligence (or lack thereof) of the party seeking the modification. Thus, a court should typically find good cause to modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." FED. R. CIV. P. 16, Advisory Committee Notes to 1983 Amendment. Likewise, the Eleventh Circuit has frequently indicated that a supported finding that the movant exhibited lack of due diligence is itself at least normally enough for a court to determine no good cause existed to extend a deadline. *See Southern Grouts & Mortars, Inc.*, 575 F.3d at 1241-42; *Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008); *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th Cir. 2008); *Sosa*, 133 F.3d at 1418-19. Courts have recognized, however, that other factors may also be properly considered, including whether the movant acted in good faith and whether allowing an amended pleading will prejudice the non-movant or cause undue delay. *See Kassner v. 2d Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009);

*Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001); 6A C. Wright, A. Miller et al., Fed. Prac. & Proc. § 1522.2 (3d ed.) ("Relief may be granted if the court finds that the movant has not unduly delayed the action and that the opponent will not be prejudiced by the modification."). Such a flexible approach is also supported by the principle that whether good cause exists to modify the scheduling order is ultimately a matter committed to the district court's discretion. *See Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 n.21 (11th Cir. 2002); *Lyons v. Serrano*, 205 F. App'x 719, 722-23 (11th Cir. 2006).

### A. Egenberg Was Not Diligent In Seeking Leave to Amend

Because Egenberg could have met the May 17, 2021 deadline with reasonable diligence, he has not demonstrated good cause for amendment. FED. R. CIV. P. 16(b)(4). Both AIG and LMS's Operating Agreements, which Egenberg executed in 2019, clearly and plainly identify the members of the Companies as Mainsail and Egenberg. (Docs. 20-7 & 20-8). Additionally, the tax forms Egenberg references to support his claims of confusion have been in his possession since at least April 2, 2021, when Defendants provided them as part of their in initial disclosures. (Doc. 8-1 at ¶¶ 21, 26). Thus, Egenberg had approximately six weeks before the deadline to amend his pleadings to express his alleged confusion as to the members of the Companies, attempt to obtain clarification, or to amend his pleading. He did none of these. This lack of diligence is indicative of a lack of good cause for leave to file an amended complaint.

### B. The Proposed Amendment Would be Futile

In addition to a lack of diligence, the fact that the proposed amendment would be futile supports the finding of a lack of good cause. *See Vidalia Dock & Storage, Inc. v. Red Rock USA, LLC*, No. CV 04-B-2586-S, 2005 WL 8158755, at *2 (N.D. Ala. Sept. 22, 2005) ("[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such an

amendmentamendment would be futile."). Egenberg's entire argument for amendment is based on his "confusion" regarding the membership of AIG and LMS. As he concedes, the Companies' operating agreements state that their members are Egenberg and Mainsail. (Doc. 22 at ¶ 3). Despite his argument to the contrary, the tax documents Egenberg references do not create legitimate confusion.

Mainsail is an LLC (doc. 1 at & 4) and, for federal purposes, is thus taxed by default as a pass-through entity. Thus, the members of Mainsail would be reported on the 1120-S and 1065 tax forms, not Mainsail itself. This is why BDL Services, LLC and Octavian Group, LLC are listed on the tax documents instead of Mainsail.[2] It is what would be expected to be on Mainsail's tax forms, not a cause for confusion. IRS tax reporting and LLC membership are based on two distinct sets of laws and cannot be used to clarify each other. There is simply no real confusion to support the requested amendment.

Even if Egenberg were permitted to add claims against the proposed defendants, such claims would be subject to dismissal under the Rule 12(b)(6) standard.

Under Alabama's Limited Liability Company laws:

> A member of a limited liability company is not liable, solely by reason of being a member, for a debt, obligation, or liability of the limited liability company or a series therefore, whether arising in contract, tort, or otherwise for the acts or omission of any other member, agent, or employee of the limited liability company or a series therefore.

ALA. CODE § 10A-5A-3.01 (2014). Thus, when documents identifying the members of an LLC are "clear, unambiguous, and leave no room for interference . . . members of an LLC do not share

---

[2] Defendants provide an illustration of the Companies' structure (doc. 20-1), which is helpful and supported by the Operating Agreements and Egenberg's description of the tax documents. The undersigned has included this visual representation as an exhibit to this memorandum opinion and order.

6

liability in contract or tort with the LLC simply by virtue of their status as members." *In re Taylor*, No. 20-40476-JJR7, 2020 WL 6140393, at *6 (Bankr. N.D. Ala. Oct. 19, 2020). Rather, there must be a contractual obligation in the members' individual capacity for liability to exist. *Id.*

Egenberg has neither produced nor pointed to any contracts or agreements between himself and the proposed defendants: BDL, Octavian, or Olson as it relates to the Companies' business or Mainsail. Therefore, Egenberg and the proposed defendants do not "share liability in contract or tort with the LLC" because they owe no contractual obligation to Egenberg. *See In re Taylor*, 2020 WL 6140393 at * 6. There is no legal basis for Egenberg's claims against the proposed defendants, and thus the proposed amendment would be futile. To the extent Egenberg argues the proposed defendants can be liable to him in his capacity as a member of AIG and LMS, none of the proposed defendants are members of AIG and LMS. Any actions taken by the proposed defendants were taken as members of Mainsail (or as members of Mainsail's member companies), and there are simply no allegations in the proposed amended complaint to support piercing the corporate veil. *See* ALA CODE 10A-5A3.01; *Ramko, Inc. v. Lander*, 707 So. 2d 645, 646-47 (Ala. Civ. App. 1997). For these reasons, the proposed amendment would be futile, which, along with a lack of diligence in seeking this amendment, further supports the conclusion that there is no good cause to support amendment.

### III. Conclusion

For the reasons stated above, Egenberg's motion to amend (doc. 18) is **DENIED**.

DONE this 11th day of August, 2021.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE

**EXHBIT**



(Doc. 20-1).