FILED

2022 Mar-07  PM 12:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BRADLEY EGENBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  2:21-cv-00026-JHE |
| | ) | |
| MAINSAIL DIGITAL, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER[1]

Defendant Douglas Moore ("Moore") moves pursuant to Rule 56 of the Federal Rules of Civil Procedure, for entry of summary judgment in his favor.  (Doc. 48-50).  Plaintiff Bradley Egenberg ("Egenberg") opposes the motion, arguing it is premature as the parties have yet to be deposed and, alternatively, that it is due to be denied on the merits.  (Doc. 52).  Moore has filed a reply brief in support of summary judgment.  (Doc. 53).  For the reasons that follow, Egenberg's Rule 56(d) request is **GRANTED**, and the motion for summary judgment (doc. 48) is **DENIED WITHOUT PREJUDICE**.

### I. Standard of Review

Under Fed. R. Civ. P. 52(d)(2), the court may permit additional discovery prior to ruling on a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition" to a motion for summary judgment. The Eleventh Circuit has explained that to obtain relief pursuant to Rule 56(d), a party

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment.  (Doc. 10.)

must "set [ ] forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). It is not sufficient for the party seeking the delay to rely on vague assertions that additional discovery will produce needed, but unspecified, facts. *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843 (11th Cir. 1989). Additionally, a party is not entitled to conduct further discovery under Rule 56(d) where the absence of evidence is the result of that party's lack of diligence in pursuing such evidence through permitted methods of discovery. *Barfield v. Brieton*, 883 F.2d 923,932(11th Cir. 1989) (finding that no additional discovery should be granted when the absence of information was due to the plaintiff's lack of diligence); *see also Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.3d 1313, 1316 (11th Cir. 1990) (affirming the district court's denial of a Rule 56(d) motion where the parties agreed on a discovery schedule which the trial court extended several times).

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish there is a "genuine issue for trial." *Id.* at 324. (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court must construe the evidence and all reasonable inferences arising from it in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, (1970); *see also Anderson*, 477 U.S. at 255 (all justifiable inferences must be drawn in the non-moving party's favor). Any factual disputes will be resolved in Plaintiff's favor when sufficient competent evidence supports Plaintiff's version of the disputed facts. *See Pace v. Capobianco*, 283 F.3d 1275, 1276-78 (11th Cir. 2002) (a court is not required to resolve disputes in the non-moving party's favor when that party's version of the events is supported by insufficient evidence). However, "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion." *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald Mtn. Park, Ltd. v. Oliver*, 836 F.2d 1560, 1563 (11th Cir. 1989)). Moreover, "[a] mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).

## II. Summary Judgment Facts

Plaintiff Egenberg filed this action against Defendants Mainsail Digital, LLC ("Mainsail") and Moore asserting claims relating to the management of Alliance Injury Group ("AIG") and Legal Management Solutions ("LMS") (collectively the "Companies"). (Doc. 1). Egenberg has a 25% interest in both AIG and LMS. (Docs. 20-7 & 20-8). Egenberg asserts the following claims against Defendant Moore: (Count 1) Failure to Produce Books and Records, Alabama Code § 10A-5A-4.09; (Count 2) Breach of Fiduciary Duty; (Count 4) Breach of Duty of Loyalty; (Count 5)

Breach of Duty of Care; (Count 6) Squeeze Out/Minority Member Oppression; and (Count 7) Unjust Enrichment.  (Doc. 1).  Egenberg asserts Count 3 for Breach of Contract only against Defendant Mainsail, not Moore.  (*See id.*).

The Operating Agreements Egenberg signed in April 2019, for AIG and LMS provide that Egenberg purchased 25% of each of the Companies, and Mainsail retained 75% of each of the Companies.  (Docs.  20-7 & 20-8).  Moore asserts there are no other members of AIG or LMS (doc. 49 at 3, ¶5), but Egenberg disputes this based on purportedly inconsistent information AIG and LMS has provided to this Court and the Internal Revenue Service ("IRS") (doc. 52 at 3, ¶5). Specifically, these tax forms list Egenberg, BDL Services, and Octavian Group as members of the Companies, not Egenberg and Mainsail.  (*See* doc. 20-5).

For purposes of this motion, the precise membership of AIG and LMS is immaterial.[2]  The parties agree that Moore is not a member of AIG or LMS.  (*See* doc. 52-2 at ¶6, doc. 53 at 2-3). In support of his motion for summary judgment, Moore argues he cannot be liable for any of the alleged wrongful acts in Egenberg's complaint because he is not a member of AIG or LMS.  (*See* doc. 49 at 5-7, doc. 53 at 2-3).  Egenberg disagrees, contending Moore can be held liable under statutory law for certain counts and under tort law and in equity for other counts.  (*See* doc. 52). These arguments are addressed below.

Moore exercised managerial control over Mainsail and had authority to direct and oversee its activities and affairs.  (Doc. 50-1 at 25, 42).  It is unclear whether Moore exercised similar

---

[2] "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  *Anderson*, 477 U.S. at 247-48. Instead, there must be "no *genuine* issues of *material* fact."  *Id.*

managerial control over AIG and LMS.  But there is at least some evidence that Moore had such authority, as Moore signed previous legal documents on behalf of AIG as its "manager."  (Doc. 52-2 at 7-12).

### III. Analysis

As required by Rule 56(d), Egenberg has provided a declaration in which he describes various reasons why he is currently unable to "present facts essential to justify his opposition" to Moore's motion for summary judgment.  (Doc. 52-2) (quoting FED. R. CIV. P. 56(d)).  Specifically, Egenberg explains that discovery is ongoing.  (*Id.*).  According to the amended scheduling order, discovery is set to close June 6, 2022.  (Doc. 39 at 1).  At this point, Egenberg has not taken depositions of Moore or Mainsail, and financial disclosures from AIG, LMS, Mainsail, and Moore are incomplete.  (Doc. 52-2 at ¶¶15-17).  According to Egenberg, these depositions are expected to show that, although Mainsail may be the "manager" of AIG and LMS, it was Moore who was the person with "authority to direct and oversee the activities and affairs of" Mainsail and thus AIG and LMS.  (*Id.* at ¶¶2-7); (*see also* doc. 50-1 at 25, 42).  And, because of this authority, Egenberg contends Moore incurred obligations, which he purportedly breached.  (*Id.*).

Moore argues his motion is not premature, pointing out that Egenberg has had approximately eleven months to perform relevant discovery, take depositions, and otherwise discover these facts.  (Doc. 53 at 1-2).  As Moore explains, discovery has been ongoing since Defendants' Initial Disclosures were made on March 31, 2021.  (*Id.* at 1).  Moore further asserts Egenberg has served Defendants with 67 Requests for Production, 3 Interrogatories, 14 Requests for Admissions, issued over 15 original or duplicate non-party subpoenas, and (among other production) was provided 32 sets of financial records and documents as part of Defendants' Initial

Disclosures.  (*Id.* at 1-2).  Moore also states he is (and has been) "ready, willing, and able" to sit for his deposition.  (*Id.* at 2).

The discovery period has not closed.  (*See* doc. 39 at 1).  Although the parties have technically been engaged in discovery for almost eleven months, much of that time has been spent dealing with case-related issues, including discovery disputes.  The parties have moved to dismiss counterclaims, to amend, to quash non-party subpoenas, and to prevent proposed experts from testifying.  (Docs. 13, 18, 23, & 31).  Furthermore, as Moore explained in his brief (doc. 53 at 2), this case involves substantial financial records and documents.  It is certainly reasonable for Egenberg to review this discovery prior to deposing the parties.  Moore filed this motion over four months prior to the close of discovery.

To the extent Moore, who is not a member of AIG or LMS, can be held liable for the various claims Egenberg asserts, Egenberg should be permitted to complete fact discovery and take depositions of Moore and Mainsail to obtain evidence relating to Moore's authority at AIG and LMS, as well as actions Moore took on behalf of the Companies.

**A.  Count 1 - Failure to Produce Books and Records, Alabama Code § 10A-5A-4.09**

Alabama statutory law provides specific obligations for not only members of LLCs, but also for any "person" exercising authority for the LLC.  *See* ALA. CODE § 10A-5A-4.08(a)(1) ("The duties a person who has the authority to direct and oversee the activities and affairs of a limited liability company owes to the limited liability company and to the members of the limited liability company include the duty of loyalty and the duty of care . . . .").  Alabama Code § 10A-5A-4.09(b) applies the obligations for inspection to "any person with the authority to bind the limited liability . . . and any person with the authority to direct and oversee the activities and affairs of a

limited liability company . . . ."

Count 1 asserts a claim against Moore for failure to produce books and records under Alabama Code § 10A-5A-4.09.  (Doc. 1).   Moore argues this obligation applies only to members of the Companies.  Subsection (b) states that "any person with the authority to bind the limited liability company . . . and any person with the authority to direct and oversee the activities and affairs of a limited liability company who, without reasonable cause, refuses to allow any member or the member's agent or attorney to inspect or copy any books or records of the limited liability company for any proper purpose shall be personally liable to the member for a penalty . . . ."

Moore's argument is contrary to the plain language of the statute.  The obligation in § 4.09 applies to "any person with authority to bind the [LLC] under Section 10A-5A-3.02" and "any person with the authority to direct and oversee the activities and affairs of a [LLC]."  ALA. CODE § 10A-5A-4.09.  Section 10A-5A-3.02 includes persons "authorized to act as the agent of the [LLC]," which clearly encompasses more than just members.  Of course, the "person" may be a natural person or an entity, *see* ALA. CODE § 10A-1-1.03(75), but – either way – it is not limited to "members."

Because this obligation applies to Moore if he is authorized to bind the LLCs or "direct and oversee [their] affairs and activities, Egenberg is entitled to complete discovery regarding the organization and operation of AIG and LMS.  Moore's motion for summary judgment is denied without prejudice as to Count 1.

## B.  Counts 2, 4, and 5 – Breach of Fiduciary Duty and Breach of Duties of Loyalty and Care

Count 2 includes a claim for breach of fiduciary duty against Defendant Moore, and Counts

4 and 5 include claims for breach of the duty of loyalty and care.  (Doc. 1).  As discussed above, Egenberg has presented some evidence, and has stated that he is continuing discovery, on the issue of Moore exercising management and control over AIG and LMS.  To the extent Moore exercised management and control over AIG and LMS such that he would have the "authority to direct and oversee the activities and affairs of" AIG and LMS, Moore would owe fiduciary duties to Egenberg as a member of AIG and LMS, including a duty of loyalty and a duty of care.  *See* ALA. CODE § 10A-5A-4.08(a)(1) (imposing duties of loyalty and care on a person with direction and oversight); *see also Brooks v. Hill*, 717 So. 2d 759, 764 (Ala. 1998) (discussing fiduciary duties of corporate managers arising out of any contract between the company and the manager).  Moore's argument that these duties only apply to members is not supported by the statutory language he cites.  (Doc. 53 at 3).  Accordingly, Egenberg is entitled to complete discovery regarding Moore's authority as well as the organization and operation of AIG and LMS.  Moore's motion for summary judgment is denied without prejudice as to Count 2, 4, and 5.

## C.  Count 6 – Squeeze Out/Minority Member Oppression

Count 6 alleges squeeze out/minority member oppression (doc. 1), which is a tort arising from majority owners' obligation to treat minority members fairly.  *See e.g., Brooks v. Hill*, 717 So. 2d 759, 764-65 (Ala. 1998).  Egenberg contends that, just as with any other tort claim, the individual committing the tort may be held personally liable for his individual actions.  (Doc. 52 at 19).  Moore argues he cannot be personally liable "through any of the tortious acts cited within [Egenberg's brief].  (Doc. 53 at 4).

Although theoretically, Moore is liable for his own tortious actions, most of the relevant case law speaks to imposing a duty to avoid minority member oppression/squeeze out on majority

shareholders (or in the case of an LLC, majority members).[3]  *See Stallworth v. AmSouth Bank of Ala.*, 709 So. 2d 458, 467 (Ala. 1997) (recognizing that majority shareholders in a close corporation "owe a duty to at least act fairly to the minority interests") (quoting *Burt v. Burt Boiler Works*, 360 So. 2d 327, 331 (Ala. 1978)).

Although management is clearly not the same thing as ownership, it would not necessarily be unreasonable for this duty to apply to officers or managers under some circumstances.  It is axiomatic that "[a] corporate agent who personally participates, albeit in his or her capacity as such agent, in a tort is personally liable for the tort."  *Galactic Emp. Servs. v. McDorman*, 880 So. 2d 434, 437-38 (Ala. Civ. App. 2003)(quoting *Ex parte McInnis*, 820 So. 2d 795, 798-99 (Ala. 2001).  Thus, it is conceivable that, as Egenberg alleges, if Moore took actions to improperly oppress or squeeze out Egenberg, he could be personally liable.  Furthermore, neither party has provided, and the undersigned has not found, any case law stating that a minority member oppression/squeeze out claim <u>cannot</u> be asserted against a manager, other officer, or non-member individual under certain circumstances.

---

[3] For example, recognizing this claim, the Alabama Supreme Court has explained as follows:

> When majority stockholders personally assume the multiple roles of owners, board of directors, and managing officers, they can not only deprive minority shareholders of a voice in the operation of the business, but they can also siphon off corporate income and deprive minority owners of income from their interest in the business. Minority shareholders can find themselves holding stock which pays no dividends and which cannot, as a practical matter, be sold. Majority shareholders can 'squeezeout' minority owners.

*Stallworth*, 709 So. 2d at 466 (quoting *Galbreath v. Scott*, 433 So. 2d 454, 557 (Ala. 1983)).

Thus, because Moore has failed to carry his burden, his motion for summary judgment is denied without prejudice as to Count 6.

### D.  Count 7 – Unjust Enrichment

Count 7 is an equitable claim for unjust enrichment.  (Doc. 1). "[T]o prevail on its unjust enrichment argument, [a plaintiff] must make two showings. First, it must establish that [defendant] was 'enriched' -- i.e., that she knowingly accepted and retained a benefit provided by [plaintiff], which had a reasonable expectation of compensation . . . [and] that [defendant] would be 'unjustly' enriched if she were awarded the disputed" funds. *Pentagon Fed. Credit Union v. McMahan*, No. 1191075, 2021 WL 2621433 (Ala. June 25, 2021) (citing *Matador Holdings, Inc. v. HoPo Realty Invs*., L.L.C., 77 So. 3d 139, 145 (Ala. 2011)).  There is no indication that an equitable claim can only be asserted against members of an LLC.  To the extent Egenberg contends Moore took certain actions that enriched Moore to the detriment of Egenberg, Egenberg is entitled to continue discovery.  Moore's motion for summary judgment is denied as to Count 7.

To the extent Moore argues that the Court has held that non-members of AIG and LMS cannot be held liable for any of the claims in the complaint (doc. 49 at 8-10), he overstates what the Court said in denying Egenberg's motion to amend.  As an alternative basis for denying amendment, the undersigned found that Egenberg had provided no basis to include BDL, Octavian, or Olson in this action based solely on their relationship to AIG and LMS.  (Doc. 28 at 6-7).  Moore's role is clearly distinguishable.  Egenberg is not asserting claims against Moore solely based on his relationship to AIG or LMS.  To the contrary, as explained above, the claims against Moore are based on actions allegedly taken by Moore or asserted against Moore as a person exercising "authority to direct and oversee the activities and affairs of" AIG and LMS.

### IV. Conclusion

Egenberg's Rule 56(d) request is **GRANTED**, and the motion for summary judgment (doc.

48) is **DENIED WITHOUT PREJUDICE**.

DONE this 7th day of March, 2022.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE